IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID WALZ,　　　　　　　　　　　　　　　　　Civ No. 05-6079-AA

　　　　Plaintiff,　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

WAL-MART STORES, INC.,
　　　　Defendant.

---

David H. Griggs
Dolan Griggs LLP
1130 S.W. Morrison, Suite 630
Portland, Oregon 97205
　　Attorney for plaintiffs

Carol J. Bernick
Davis Wright Tremaine LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
　　Attorney for defendant

AIKEN, Judge:

　　Plaintiff brings this action against his former employer, Wal-Mart Stores, Inc., alleging unlawful whistleblower discrimination in violation of the Oregon Safe Employment Act (OSEA), Or. Rev.

1 - OPINION AND ORDER

Stat. § 654.062(5), and wrongful discharge in violation of public policy. Defendant moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's whistleblower claim is time-barred and that plaintiff's wrongful termination claim is precluded because there is an adequate statutory remedy.

Following the motion to dismiss, plaintiff moved for leave to amend his Complaint to include additional facts regarding the timeliness of his OSEA claim and to seek punitive damages. Aside from the claim for punitive damages, defendant opposes plaintiff's motion on the grounds that the amendments are untimely and irrelevant. Given that plaintiff's proposed factual amendments are responsive to defendants's arguments in support of its motion to dismiss, I consider both the motions.

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiff can prove no set of facts in support of his claim that would entitle the plaintiff to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). For the purpose of a motion to dismiss, a complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. Lee v. County of Los Angeles, 240 F.3d 754, 764 (9th Cir. 2001).

## BACKGROUND

Construing all allegations as true and in the light most favorable to the plaintiff, the background is as follows:

2 - OPINION AND ORDER

Plaintiff was employed by defendant in July 2001 at defendant's store in Salem, Oregon. Plaintiff was an exemplary employee and assisted in training other employees. In fall of 2002, plaintiff began noticing health and safety hazards, including: the unsafe use of chemicals without appropriate training; the failure to report an employee electrocution; the failure to post Material Safety Data Sheets; unauthorized and unsafe use of power equipment; use of a propane buffer without an appropriate emissions control device; locking employees inside the store after hours; and the lack of proper equipment to safely perform tasks. Plaintiff reported his concerns to superiors at various levels of management and sent over twenty emails to corporate headquarters about his concerns. As plaintiff's concerns went unaddressed by defendant, plaintiff contacted the Occupational Safety and Health Administration (OSHA) on several occasions.

As alleged in his Complaint, plaintiff's consistent reports of health and safety concerns resulted in disciplinary action against him. Specifically, plaintiff alleges that in June 2004, he was "written up" for absences while his coworkers were permitted to take time off without disciplinary action. Plaintiff further alleges that on July 22, 2004, he was terminated for the stated reason of "unauthorized use of computer," although he was asked by a supervisor for information which required the use of a computer. Plaintiff alleges that defendant's proffered reason for his termination was merely a pretense for terminating him because of his "whistleblower" activities.

On September 1, 2004, plaintiff filed a complaint with Oregon Bureau of Labor and Industries (BOLI) based on his belief that he was fired for workplace safety complaints. On November 26, 2004, BOLI issued plaintiff a right-to-sue letter. On February 23, 2005, plaintiff filed this suit.

## DISCUSSION

### A. Whistleblower Claim

Defendant seeks dismissal of plaintiff's OSEA discrimination claim on the basis that it is time-barred. Defendant argues that the relevant statute, Or. Rev. Stat. § 654.052(5)(b), requires an employee to file either a BOLI complaint or a civil lawsuit within thirty days of having reasonable cause to believe a violation of the statute has occurred. Defendant asserts that plaintiff was discharged on July 22, 2004, and that he did not file a BOLI complaint until September 1, 2004, beyond the thirty-day period. Defendant therefore argues that plaintiff's whistleblower claim is barred, because plaintiff did not file his civil action until February 23, 2005.

Under Or. Rev. Stat. § 654.062(5)(b), an employee who has been discharged or discriminated against for reporting health and safety complaints may "within 30 days after the employee has reasonable cause to believe that such a violation has occurred, file a complaint with the Commissioner of the Bureau of Labor and Industries alleging such discrimination under the provisions of ORS 659A.820." Further, "the affected employee shall also have the right to bring a suit in any circuit court of the State of Oregon

4 - OPINION AND ORDER

against any person alleged to have violated this subsection." Id.

Upon the filing of a timely BOLI complaint pursuant to the provisions of § 659A.820, the Commissioner must inform the employee of its determination within ninety days of the complaint and mail a so-called "ninety-day" notice, at which time the employee has ninety days in which to file suit. Or. Rev. Stat. §§ 654.062(5)©, 659A.875(2), 659.880(1); Carsner v. Freightliner Corp., 69 Or. App. 666, 672, 688 P.2d 398 (1984) (interpreting limitations period for filing complaints and civil actions for violations of § 654.062(5) under provisions of *former* ORS chapter 659); see also Thomas v. Oregon Metallurgical Corp., 43 Or. App. 149, 602 P.2d 338 (1979).

Although plaintiff filed his BOLI complaint more than thirty days after his termination, plaintiff received a right-to-sue letter (i.e., a ninety-day notice) on November 26, 2004 and filed suit on February 23, 2005, within the ninety-day requirement set forth in Or. Rev. Stat. § 659A.875(1). Regardless, defendant argues that because plaintiff's BOLI complaint was untimely, the provisions of chapter 659A do not apply and plaintiff was required to file suit within thirty days of his termination.

Plaintiff requests leave to amend his Complaint and allege additional facts that he contacted BOLI on August 16, 2004, faxed a questionnaire and a "handwritten complaint" to BOLI on August 20, 2004, and learned of defendant's pretense for firing him on August 3, 2004. Based on these facts, which must be construed in his favor, plaintiff argues that his BOLI complaint was timely.

In determining whether to grant leave to amend, the court

5 - OPINION AND ORDER

should consider undue delay, bad faith, prejudice to opponent, and the futility of amendment. Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir. 1986); Fed R. Civ. P. 15(a). However, leave to amend may be denied when the moving party knew of the facts on which the amendments are based but omitted the necessary allegations from the original pleading. Rice v. Comtek Mfg. of Oregon., Inc., 766 F. Supp. 1550, 1551 (D. Or. 1990). Here, plaintiff's proposed amendments are based on facts and events known to him at the time of his initial Complaint. Nevertheless, I deny plaintiff's motion with respect to these facts, because his amendments are futile.[1]

Plaintiff argues that BOLI administrative rules merely require an employee to "contact" BOLI within thirty days of having reasonable cause to believe a violation existed, and that his contact with BOLI on August 16 fulfills this requirement. See Or. Admin. R. 839-004-0021(3).[2] Regardless of the administrative rule, § 654.062(5)(b) unambiguously requires a BOLI complaint to be filed within thirty days, and the "contact" provision of the administrative rule does not trump this requirement. I am not persuaded by plaintiff's reliance on Don't Waste Oregon Comm. v. Energy Facility Siting Council, 320 Or. 132, 142, 881 P.2d 119

---

[1]Defendant does not oppose plaintiff's proposed claim for punitive damages, and that amendment will be allowed.

[2]Or. Admin. R. 839-004-0021(3) directs a "person alleging discrimination for reporting or opposing unsafe or unhealthy work conditions" to "contact" BOLI "within 30 days of having reasonable cause to believe that such violation has occurred."

6 - OPINION AND ORDER

(1994) in urging deference to an agency's plausible interpretation of its own administrative rules. In contrast, this case involves BOLI regulations interpreting a statute under which those rules are promulgated.

Plaintiff next claims that on or about August 3, 2004, he had a conversation with a former coworker and discovered that the coworker had been warned not to get involved with safety issues as plaintiff did. Based on these proposed allegations, plaintiff argues that he did not have cause to believe that his termination violated § 654.062 until August 3, 2004, and that his BOLI complaint filed on September 1 was therefore timely.

However, plaintiff's original Complaint alleges that the proffered reason for discharge was pretextual and that he was terminated for raising health and safety complaints. For example, plaintiff alleges that after he made numerous safety complaints, he was treated differently than coworkers with regard to absences one month prior to his termination. Complaint, ¶ 11. Plaintiff further alleges that he was discharged for unauthorized use of a computer even though a manager asked him to perform a task that required the use of a computer. Id. at ¶ 12. Thus, based on plaintiff's own allegations in his initial Complaint, plaintiff had reasonable cause to believe that defendant retaliated against him for raising safety concerns on the date of his termination. See Or. Admin. R. 839-004-0021(3) (an employee has "reasonable cause" when he or she "[b]elieve[s] retaliation ha[s] occurred against the employee for opposing employee health and safety hazards").

7 - OPINION AND ORDER

Accordingly, plaintiff had reasonable cause to believe a violation existed at the time of his termination on July 22, 2004, and plaintiff's BOLI complaint was not filed within the applicable thirty-day period.

The question remains whether plaintiff's failure to file a BOLI complaint within the thirty-day period requires dismissal of this action for failure to bring suit within thirty days of his termination as defendant contends. Plaintiff argues that even if his BOLI claim was untimely, his lawsuit was nevertheless filed within the one-year statute of limitations applicable to civil claims asserted under § 654.062(5)(b).

As set forth above, an employee who has reasonable cause to believe a violation of the statute has occurred may file a BOLI complaint "under the provisions of ORS 659A.820." See Or. Rev. Stat. § 654.062(5)(b); see also id. § 659A.820 (setting forth general requirements for BOLI complaints of unlawful employment practices). Further, BOLI must process the complaint "under the procedures, policies and remedies established by ORS chapter 659A" and "in the same way and to the same extent that the complaint would be processed by the commissioner if the complaint involved allegations of unlawful employment practices based upon race, religion, color, national origin, sex or age." Id. § 654.062(5). In turn, Or. Rev. Stat. § 659A.885 governs civil actions based on race, religion, color, national origin, sex or age discrimination, and any "civil action under ORS 659A.885 alleging an unlawful employment practice must be commenced within one year after the

occurrence of the unlawful employment practice *unless* a complaint has been timely filed under ORS 659A.820." Id. § 659A.875(1) (emphasis added). Thus, because plaintiff's BOLI complaint was not timely, he was allowed one year to file a civil suit.

Defendant contends that application of a one-year statute of limitations would render the thirty-day requirement for complaints a nullity, and that the statute must be read to require the filing of either a BOLI complaint or a civil suit within thirty days. Defendant relies upon Cristofolo v. Unisource Worldwide, Inc., 1999 WL 373787 (D. Or. 1999), where the court held that the procedures of chapter 659 did not apply "when the plaintiff chooses to bypass BOLI and proceed directly to court," and therefore that "an employee must file a complaint within 30 days of the violation, whether the employee chooses to file with BOLI or in court." Id. at *4-5.

I decline to adopt the reasoning of Cristofolo in this case. The Oregon Court of Appeals has held that § 654.062(5) "incorporates all of the chapter 659 procedures that are not inconsistent with its own provisions." Carsner, 69 Or. App. at 672, P.2d at 398 (citing Thomas, 43 Or. App. 149, 602 P.2d 338). Although Carsner addressed the incorporation of *former* ORS chapter 659, I find the reasoning applies with equal force in this case, and that the relevant version of § 654.062(5)(b) similarly incorporates the procedures of chapter 659A, provided they are not inconsistent. Id. Given that no limitations period is prescribed for filing suit under § 654.062(5)(b), I do not find the one-year

9 - OPINION AND ORDER

limitations period under chapter 659A to be inconsistent.

Finally, I find recent amendments to § 654.062 bolster this conclusion. During the 2005 legislative session, § 654.062 was amended to provide that any civil action alleging a violation of the statute "must be commenced within one year after the employee or prospective employee has reasonable cause to believe a violation has occurred, unless a complaint has been timely filed under ORS 659A.820." 2005 Oregon Laws Ch. 198 § 1. This new provision mirrors that of § 659A.875 and supports the court's conclusion that the procedures of ORS Chapter 659A apply to allegations of unlawful employment practices under § 654.062(5).

In sum, I find that plaintiff's claim under § 654.062(5) is timely, and defendant's motion to dismiss this claim is denied.

B. Wrongful Discharge Claim

Defendant also seeks dismissal of plaintiff's common law claim for wrongful discharge in violation of public policy on the basis that an adequate statutory remedy exists under Or. Rev. Stat. § 654.062(5). Plaintiff responds that wrongful discharge for fulfilling an important societal obligation of reporting health and safety violations is not remedied by the statute. I disagree.

Oregon Law permits a common law claim when wrongful discharge of an employee thwarts an important public function and no statutory remedy exists. Delaney v. Taco Time International, Inc., 297 Or. 10, 14-15, 681 P.2d 114 (1984) (discharge for refusing to sign a false statement regarding a former employee); Nees v. Hocks, 272 Or. 210, 219, 536 P.2d 512 (1975); (discharge for serving on

jury duty). In this case, however, both an administrative remedy and a statutory remedy are available. Moreover, Oregon courts have explicitly found that § 654.062 is an adequate statutory remedy for wrongful discharge claims based on health and safety complaints. See Walsh v. Consolidated Freightways, Inc., 278 Or. 347, 352, 563 P.2d 1205 (1977) (plaintiff could not pursue a common law tort remedy for wrongful discharge, because "existing remedies are adequate to protect both the interests of society in maintaining safe working conditions and the interests of employees who are discharged for complaining about safety and health problems"); Dunwoody v. Handskill Corp., 185 Or. App. 605, 613-14, 60 P.3d 1135 (2003). Accordingly, plaintiff may not assert a common law wrongful discharge claim.

## CONCLUSION

For the reasons set forth above, defendant's Motion to Dismiss (doc. 4) is GRANTED with respect to plaintiff's claim for wrongful discharge, and plaintiff's Motion for Leave to Amend Complaint (doc. 9) is GRANTED with respect the proposed claim for punitive damages. The motions are denied in all other respects. Plaintiff's claim for wrongful discharge is DISMISSED.

IT IS SO ORDERED.

Dated this 27 day of July, 2005.

                         /s/ Ann Aiken
                         Ann Aiken
                  United States District Court Judge